**Michael A. NADOLSKI, Petitioner,**

**v.**

**MERIT SYSTEMS PROTECTION BOARD, Respondent,**

**and**

**United States Postal Service, Intervenor.**

**No. 95–3276.**

United States Court of Appeals, Federal Circuit.

Jan. 27, 1997.

Lee C. White, Washington, D.C., argued, for petitioner. With him on the brief was Carolyn P. Carmody, Spiegel & McDiarmid, Washington, D.C.

Eric D. Flores, Office of the General Counsel, Merit Systems Protection Board, Washington, D.C., argued, for respondent. With him on the brief were Mary L. Jennings, General Counsel, and Martha B. Schneider, Assistant General Counsel.

Brian M. Reimer, Legal Policy, United States Postal Service, Washington, D.C., argued, for intervenor. With him on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and R. Alan Miller, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice. Of counsel on the brief was R. Andrew German, Managing Counsel, United States Postal Service.

Before NEWMAN, MAYER, and PLAGER, Circuit Judges.

MAYER, Circuit Judge.

Michael A. Nadolski seeks review of the Merit Systems Protection Board's final decision, Docket No. DC0752930658-I-1, 66 M.S.P.R. 525 (1995), dismissing as untimely the appeal of his allegedly involuntary retirement from the United States Postal Service and vacating the initial decision. We affirm.

*Background*

On August 7, 1992, the CEO and Postmaster General of the United States Postal Service announced an agency-wide reorganization. At that time, Nadolski was a forty-four year old veteran and a Controller in the Northern Virginia Division of the Postal Service, where he had been employed for twenty-two years. As a Postal Career Executive Service (PCES) Level 1 Controller, his responsibilities included general oversight for his division's operating budget, implementing all accounting procedures, and establishing cost control systems and capital investment programs. To avoid the risk of being laid off or demoted as part of the reorganization, Nadolski applied for early retirement. He notified the Postal Service of his choice to accept its early-out incentive of six months pay, effective November 20, 1992.

On July 21, 1993, the board held that veteran preference-eligible Postal Service employees who were reassigned to lower grade positions during the reorganization had been subject to a reduction-in-force (RIF) action without having been given the benefit of procedures required by law. *Brown v. United States Postal Serv.,* 58 M.S.P.R. 345, 350–51 (1993). Believing that he too had been misled about the "true" nature of the reorganization, that his retirement was involuntary, and that he had not been afforded RIF rights required by 5 U.S.C. §§ 2108, 3501(b) (1994), and 5 C.F.R. §§ 351.501, 351.901 (1996), Nadolski appealed his retirement to the board. He filed his appeal on August 9, 1993, more than eight months after his retirement became effective.

On November 19, 1993, an administrative judge held that Nadolski's retirement was involuntary and that it was an appealable adverse action because good cause existed for his delay in filing the appeal. Consequently, he ordered that Nadolski's retirement be vacated, that he be retroactively restored to duty with back pay, effective November 20, 1992, and that interim relief be granted to him in accordance with section 6 of the Whistleblower Protection Act of 1989, 5 U.S.C. § 7701(b)(2) (1994).*

By letter dated December 23, 1993, the Postal Service notified Nadolski that because recreating his former position and returning him to it would be unduly disruptive, he was being assigned as Supervisor of the Distribution Center at the Processing and Distribu-

---

* This statute provides as follows:

(A) If an employee or applicant for employment is the prevailing party in an appeal under this subsection, the employee or applicant shall be granted the relief provided in the decision effective upon the making of the decision, and remaining in effect pending the outcome of any petition for review under subsection (e), unless—
(i) the deciding official determined that the granting of such relief is not appropriate; or
(ii)(I) the relief granted in the decision provides that such employee or applicant shall return or be present at the place of employment during the period pending the outcome of any petition for review under subsection (e); and
(II) the employing agency, subject to the provisions of subparagraph (B), determined that the return or presence of such employee or applicant is unduly disruptive to the work environment.
(B) If an agency makes a determination under subparagraph (A)(ii)(II) that prevents the return or presence of an employee at the place of employment, such employee shall receive pay, compensation, and all other benefits as terms and conditions of employment during the period pending the outcome of any petition for review under subsection (e).

tion Center in Northern Virginia. This position called for supervision of Postal Service employees who sort and deliver mail, Thursday through Monday nights from 10:30 p.m. through 7:00 a.m. Although this position was an administrative and management level EAS–16 position, which is significantly lower than his former position, the Postal Service gave Nadolski the full salary, compensation, and benefits of his previous position. He worked in this new position until May 1994, at which time he found a temporary assignment with the Strategic and International Finance Division of the Postal Service. On the same day that the Postal Service sent this letter to Nadolski, it filed a petition with the board for review of the administrative judge's order.

On January 14, 1994, Nadolski filed a motion to dismiss the Postal Service's petition for review, arguing that the interim relief failed to satisfy the administrative judge's order, as required by section 7701(b)(2). Consequently, he argued that under the board's regulations, the petition for review should be dismissed. 5 C.F.R. § 1201.115(b)(4) (1996).

On January 26, 1994, the board stayed all cases involving appeals by veterans in Postal Service reorganization cases and suspended all interim relief. The board lifted the stay on July 15, 1994, without lifting the suspension on interim relief. On February 2, 1995, the board granted the Postal Service's petition for review in Nadolski's appeal, vacated the initial decision of the administrative judge, and dismissed the appeal as untimely. The board held that the Postal Service was not required to notify Nadolski of his appeal rights unless he first put it on notice that he considered his retirement to be involuntary, which he had not done. It also ruled that Nadolski had not exercised due diligence in discovering and pursuing his appeal rights. Finally, the board concluded that it need not consider whether the Postal Service complied with the interim relief order because Nadolski was not entitled to interim relief. Nadol-

ski was discharged from the Postal Service and he filed this appeal.**

*Discussion*

We review the board's decision within precisely defined statutory limits. *Mintzmyer v. Department of Interior,* 84 F.3d 419, 422 (Fed.Cir.1996). We must affirm its decision to dismiss Nadolski's appeal unless he shows it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994). He has not met this burden.

▉ Nadolski first contends that the board erred in failing to comply with the procedural requirement that it dismiss an agency's petition for review when the agency does not submit evidence that it provided appropriate interim relief. 5 C.F.R. § 1201.115(b)(1), (2), and (4). However, this requirement is subject to section 1201.12, which states: "The Board may revoke, amend, or waive any of these regulations. A judge may, for good cause shown, waive a Board regulation unless a statute requires application of the regulation. The judge must give notice of the waiver to all parties, but it is not required to give the parties an opportunity to respond." Because the board held that interim relief should not have been granted, it had good cause to waive the requirements of subsections (b)(1) and (b)(2). Because the stay order served on the Postal Service and Nadolski stated that the board need not consider whether the Postal Service complied with the interim relief order, it effectively notified all parties of its waiver.

▉ Even if this waiver were defective, Nadolski's arguments do not yield a different result. In his motion to dismiss the petition for review, he asserted that the Postal Service failed to determine that it would be unduly disruptive to return him to his former position. However, it is clear from the record that the Postal Service did make the

** On June 13, 1995, this court stayed the briefing schedule for Nadolski's appeal pending the outcome of *Krizman v. Merit Systems Protection Board,* which was issued on February 20, 1996. 77 F.3d 434 (Fed.Cir.1996). After the stay of Nadolski's appeal was lifted, the board filed a motion for summary affirmance, which was denied on May 9, 1996.

required determination, that it would be disruptive in part because the position had been eliminated during the reorganization. Of course, both this court and the board lack jurisdiction to review the substance of the Postal Service's determination that returning Nadolski to his former position would be unduly disruptive. *King v. Jerome,* 42 F.3d 1371, 1375 (Fed.Cir.1994) (review is limited to determining whether the Postal Service actually made an unduly disruptive determination and whether appropriate pay and benefits were offered). Thus, our review ends, as it did for the board, if we determine that the alternate employment satisfies the remaining statutory requirement, that he receive "pay, compensation, and all other benefits" commensurate with his prior position. 5 U.S.C. § 7701(b)(2).

 The process under section 7701(b)(2) entitles employees to interim relief after a favorable initial decision by an administrative judge ordering an agency to return an employee to duty. Nadolski contends that this section enables an agency to provide relief through only two options: it can return him to his former position or it can place him on administrative leave with pay, compensation, and all other benefits. Because the Postal Service gave Nadolski a different duty assignment, he believes that it failed to comply with the statutory requirements triggered by the administrative judge's order.

Nadolski's construction of section 7701(b)(2)(B) is untenable. The text—"such employee shall receive pay, compensation, and all other benefits as terms and conditions of employment"—does not prevent an agency from imposing additional terms or conditions on this employment, such as a change of station or change in duties. That was the case in *Jerome,* where the agency made an undue disruption determination and the petitioner was transferred from Dallas to Chicago. It is unlikely that Congress intended this interpretation because it is unduly limiting and expensive. Nadolski's interpretation leaves the agency with two options, recreating an unnecessary position or paying administrative leave, both of which prevent the agency from using the employee effectively during the interim relief period.

Finally, Nadolski's appeal was untimely as explained in *Krizman,* 77 F.3d at 439 and *Mueller v. Merit Systems Protection Board,* 76 F.3d 1198, 1204 (Fed.Cir.1996). Therefore, the board's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

### Conclusion

Accordingly, the decision of the Merit Systems Protection Board is affirmed.

*AFFIRMED.*